ORIGINAL

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

FILED
MAR 11 2008
U.S. COURT OF FEDERAL CLAIMS

| | |
|---|---|
| ALLIED MATERIALS & EQUIPMENT CO., INC.<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES<br><br>Defendant. | CoFC No. 08-151 C<br>**BID PROTEST** |

**COMPLAINT FOR INJUNCTIVE**
**AND DECLARATORY RELIEF**

**COMES NOW** the Allied Materials & Equipment Co., Inc. ("Allied"), by and through undersigned counsel, and hereby protests the failure of the Defense Logistics Agency ("DLA") to comply with the requirements of the Competition in Contracting Act ("CICA"), 41 U.S.C. § 253 and 48 CFR § 15.206. Specifically, DLA violated CICA and the Federal Acquisition Regulation by permitting its proposed awardee under Solicitation No. SPM4A7-07-R-0408, ILC Dover, LP ("ILC"), to submit a revised price proposal when Allied was not permitted to do so.

By this filing, and the accompanying Motion for Preliminary Injunction, Allied seeks an order enjoining the Government from taking the actions described above or in the alternative enjoining DLA from employing appropriated funds in the performance of any contract awarded to ILC on the basis of this illegal and unfair procurement process. Finally, Allied also seeks its attorney's fees and its costs in bringing this action.

## Parties

1. Allied is a Kansas incorporated firm with a focus on manufacturing various items including defense products and life support equipment purchased by various Agencies of the Government and other Prime Contractors to the Government.

2. The Defendant is the United States of America acting through the Defense Logistics Agency.

## Jurisdiction

3. Jurisdiction in this Court is based on the Tucker Act, 28 U.S.C. § 1491.

## Factual Background

4. On our about January 26, 2007, DLA issued Solicitation No. SPM4A7-07-R-0408 (the "RFP" or the "Solicitation") for the procurement of Adapter Subassembly, Pigtail, NSN 1660-01-339-2206. Allied and ILC are the only approved sources for this item.

5. The RFP contemplated the award of an indefinite delivery, indefinite quantity ("IDIQ") contract with an estimated maximum quantity of 1850 units for the base year and each of the four option years.

6. The items are to be procured through DLA's Defense Supply Center Richmond. The initial deadline for proposal submission was February 27, 2007. This date was later changed via Amendment 4 to the RFP to December 28, 2007. Allied submitted a timely proposal.

7. On or about February 11, 2008, Allied received an electronic mail from DLA's procurement personnel forwarding Amendment 5 to the RFP. Strangely, Amendment 5 was dated December 21, 2007 but was not received by Allied until the above email was transmitted. By its terms, Amendment 5 purported to extend the proposal deadline to January 11, 2008.

Because Allied did not receive Amendment 5 until well after January 11, 2008, Allied had no effective opportunity to submit revised pricing to DLA.

8. Upon information and belief ILC received the amendment prior to December 27, 2007 and was able to revise its pricing submitted in response to the RFP.

9. The buyer's February 11, 2008 email asked Allied to sign and return the amendment which Allied did.

10. On or about February 25, 2008 Allied received notice of award to ILC at a price that is very close to Allied's price. In a debriefing letter received on February 29, 2008 Allied was provided the basis of the award. On the basis of this information Allied learned that ILC's total evaluated price for all options was evaluated as being slightly lower than Allied's in that, although ILC's year one price was slightly higher than Allied's, it held that rate firm across the future years of the contract whereas Allied escalated their subsequent years prices.

11. Upon information and belief the purpose of Amendment 5 was to give ILC a chance to revise its prices, which it did. Allied had no ability to reduce or modify its prices based on the manner in which Amendment 5 was communicated to Allied or the information in the amendment itself.

12. Allied was clearly prejudiced by the Government's actions in this regard.

13. Subsequently the Government has issued Modification No. P00001 to the contract awarded to ILC extending the ordering period for the base year of the contract from March 5, 2008 to March 4, 2009.

**<u>Count I</u>**

(Violation of the Terms of 41 U.S.C. § 253 and 48 CFR § 15.206)

14. Plaintiff incorporates by reference the allegations presented in paragraphs 1 to 13

above.

15. The Competition in Contracting Act requires Government agencies promote full and open competition in seeking proposals for supplies and services. See 48 C.F.R. § 6.101.

16. It is a violation of CICA and the Federal Acquisition Regulation ("FAR") to evaluate offers from competing companies on the basis of information not stated in the solicitation, on the basis of differing criteria, or by permitting one offeror to change its proposal without offering the same opportunity to other competitors.

17. Through the mechanism of Amendment 5 ILC was given a chance to revise its prices, which it did. Allied had no ability to reduce or modify its prices based on the manner in which Amendment 5 was communicated to Allied or the information in the amendment itself.

18. Plaintiff respectfully requests that the Court issue an order immediately enjoining the Government from taking the actions described above or in the alternative enjoining DLA from employing appropriated funds in the performance of any contract awarded to ILC on the basis of this illegal and unfair procurement process. Finally, Allied also seeks its attorney's fees and its costs in bringing this action.

## Count II

(DLA's Violation of its Implied Duty of Good Faith and Fair Dealing)

19. Plaintiff incorporates by reference the allegations presented in paragraphs 1 to 18 above.

20. By its arbitrary and capricious decision to ignore the clear requirements of CICA and the FAR DLA has breached its duty of good faith and fair dealing it owed to Allied as a proposed offeror under the procurement.

21. Based on these circumstances DLA's actions are not justified and the Plaintiff's protest should be sustained.

22. Plaintiff respectfully requests that the Court issue an order immediately enjoining the Government from taking the actions described above or in the alternative enjoining DLA from employing appropriated funds in the performance of any contract awarded to ILC on the basis of this illegal and unfair procurement process. Finally, Allied also seeks its attorney's fees and its costs in bringing this action.

## Relief Requested

**WHEREFORE** Plaintiff respectfully requests a judgment against the United States of America and further requests:

1. That the Court enjoin DLA from permitting performance of any contract under the solicitation.

2. Or in the alternative enjoining DLA from employing the funds obligated to the performance of any contract awarded under the solicitation to any entity other than Allied.

3. That in any event Allied be awarded its reasonable costs and attorneys' fees and such further relief as is determined just and fair.

Respectfully submitted,

Date: 3/11/08

By: ______________________

James S. DelSordo, Esq.
Argus Legal, LLC
9255 Center St., Suite 307
Manassas, VA 20110
(703) 368-8770
fax (703) 368-8772

Counsel for Plaintiff Allied Materials & Equipment Co., Inc.