ORIGINAL

FILED
MAR 11 2008
U.S. COURT OF FEDERAL CLAIMS

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

ALLIED MATERIALS & EQUIPMENT CO., INC.

Plaintiff,

v.

THE UNITED STATES

Defendant.

CoFC No. 08-151 C

**BID PROTEST**

## MOTION FOR PRELIMINARY INJUNCTION

**COMES NOW** the Allied Materials & Equipment Co., Inc. ("Allied"), by and through undersigned counsel, and hereby files this Motion for Preliminary Injunction under Fed. R. Civ. P. 65(a) and the Rules of the United States Court of Federal Claims. As more fully described in the Memorandum in Support of Allied's Motion for Preliminary Injunction, filed concurrently herewith, the Court should enjoin the Government from continuing with the award or performance of a contract awarded to ILC Dover, LP ("ILC") under Solicitation No. SPM4A7-07-R-0408.

Specifically, Allied protests the failure of the Defense Logistics Agency ("DLA") to comply with the requirements of the Competition in Contracting Act ("CICA"), 41 U.S.C. § 253 and 48 CFR § 15.206. Specifically, DLA violated CICA and the Federal Acquisition Regulation by permitting its proposed awardee under Solicitation No. SPM4A7-07-R-0408, to submit a revised price proposal when Allied was not permitted to do so.

By this filing Allied seeks an order enjoining the Government from taking the actions described above or in the alternative enjoining DLA from employing appropriated funds in the

performance of any contract awarded to ILC on the basis of this illegal and unfair procurement process. Finally, Allied also seeks its attorney's fees and its costs in bringing this action.

**WHEREFORE** Plaintiff respectfully requests that the Court issue an order immediately enjoining the Government from taking the actions described above or in the alternative enjoining DLA employing appropriated funds in the performance of the illegally awarded contract.

Respectfully submitted,

Date: 3/11/08

By: ______________________

James S. DelSordo, Esq.
Argus Legal, LLC
9255 Center St.
Suite 307
Manassas, VA 20110
(703) 368-8770
fax (703) 368-8772

Counsel for Plaintiff Allied Materials & Equipment Co., Inc.

**CERTIFICATE OF SERVICE**

I hereby certify that on this 11th day of March 2008, a copy of the foregoing Motion for Preliminary Injunction was served by electronic mail on:

Counsel for the United States Kirk Manhardt, Esq., United States Department of Justice, Commercial Litigation Branch, 1100 L Street, N.W., Washington, DC 20530; and

Steve Allgeier, Contracting Officer, Defense Logistics Agency, Defense Supply Center, Richmond, 8000 Jefferson Davis Highway, Richmond, VA 23297-5100.

James S. DelSordo

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| ALLIED MATERIALS & EQUIPMENT CO., INC.<br>Plaintiff,<br>v.<br>THE UNITED STATES<br>Defendant. | CoFC No. ____________<br>**BID PROTEST** |

**PLAINTIFF'S MEMORANDUM IN SUPPORT**
**OF ITS MOTION FOR PRELIMINARY INJUNCTION**

**COMES NOW** Plaintiff Allied Materials & Equipment Co., Inc. ("Allied"), by undersigned counsel, hereby files this Memorandum in Support of Plaintiff's Motion for Preliminary Injunction. In this protest, Allied asks that the Court enjoin the Government from continuing with the award or performance of a contract awarded to ILC Dover, LP ("ILC") under Solicitation No. SPM4A7-07-R-0408.

Specifically, Allied protests the failure of the Defense Logistics Agency ("DLA") to comply with the requirements of the Competition in Contracting Act ("CICA"), 41 U.S.C. § 253 and 48 CFR § 15.206. Specifically, DLA violated CICA and the Federal Acquisition Regulation by permitting its proposed awardee under Solicitation No. SPM4A7-07-R-0408, to submit a revised price proposal when Allied was not permitted to do so.

By this filing Allied seeks an order enjoining the Government from taking the actions described above or in the alternative enjoining DLA from employing appropriated funds in the

performance of any contract awarded to ILC on the basis of this illegal and unfair procurement process. Finally, Allied also seeks its attorney's fees and its costs in bringing this action.

## I. Factual Background

On our about January 26, 2007, DLA issued Solicitation No. SPM4A7-07-R-0408 (the "RFP" or the "Solicitation") for the procurement of Adapter Subassembly, Pigtail, NSN 1660-01-339-2206. Allied and ILC are the only approved sources for this item.

The RFP contemplated the award of an indefinite delivery, indefinite quantity ("IDIQ") contract with an estimated maximum quantity of 1850 units for the base year and each of the four option years.

The items are to be procured through DLA's Defense Supply Center Richmond. The initial deadline for proposal submission was February 27, 2007. This date was later changed via Amendment 4 to the RFP to December 28, 2007. Allied submitted a timely proposal.

On or about February 11, 2008, Allied received an electronic mail from DLA's procurement personnel forwarding Amendment 5 to the RFP. Strangely, Amendment 5 was dated December 21, 2007 but was not received by Allied until the above email was transmitted. By its terms, Amendment 5 purported to extend the proposal deadline to January 11, 2008. Because Allied did not receive Amendment 5 until well after January 11, 2008, Allied had no effective opportunity to submit revised pricing to DLA.

Upon information and belief ILC received the amendment prior to December 27, 2007 and was able to revise its pricing submitted in response to the RFP. The buyer's February 11, 2008 email asked Allied to sign and return the amendment which Allied did.

On or about February 25, 2008 Allied received notice of award to ILC at a price that is very close to Allied's price. In a debriefing letter received on February 29, 2008 Allied was provided the basis of the award. On the basis of this information Allied learned that ILC's total evaluated price for all options was evaluated as being slightly lower than Allied's in that, although ILC's year one price was slightly higher than Allied's, it held that rate firm across the future years of the contract whereas Allied escalated their subsequent years prices.

Upon information and belief the purpose of Amendment 5 was to give ILC a chance to revise its prices, which it did. Allied had no ability to reduce or modify its prices based on the manner in which Amendment 5 was communicated to Allied or the information in the amendment itself. Allied was clearly prejudiced by the Government's actions in this regard.

Subsequently the Government has issued Modification No. P00001 to the contract awarded to ILC extending the ordering period for the base year of the contract from March 5, 2008 to March 4, 2009.

## II. Argument

Allied's case meets each of the injunction factors applied by the U.S. Court of Appeals for the Federal Circuit. Plaintiff has a high likelihood of success on the merits of its claims, and it will suffer irreparable injury in the absence of the requested injunctive relief. Moreover, granting the relief requested will serve the public interest, without harming DLA or any other interested party. Therefore, Allied is entitled to injunctive relief:

a. Enjoining DLA from permitting performance of any contract under the RFP.

b. Or in the alternative enjoining DLA from employing the funds obligated to the performance of the RFP in the performance of any contract awarded to ILC, or any other entity besides the Plaintiff for these services.

**A. Standard of Relief**

In considering a motion for a preliminary injunction, this Court applies the following criteria:

(1) the likelihood of irreparable harm to the plaintiff if the preliminary injunction is denied;

(2) the likelihood that the plaintiff will succeed on the merits; and

(3) whether a preliminary injunction will be contrary to the public interest.

See SDS International, Inc. v. United States, 55 Fed. Cl. 363 (2003); Cincom Systems, Inc. v. United States, 37 Fed. Cl. 266 (1997).

**B. It is Likely that Allied Will Succeed on the Merits in this Litigation.**

This Court has repeatedly stated that the essential point of CICA is that all offerors must be treated equally in order to endure a fair and equitable procurement process. See Candle Corp. v. United States, 40 Fed. Cl. 658, 665 (1998) (the only way to ensure adequate competition is to have bidders compete on an equal basis); TRW Environmental Safety Systems, Inc. v. United States, 18 Cl. Ct. 33, 43 (1989)(the ultimate obligation of the agency is to treat all bidders fairly and give full consideration to all bids). Furthermore, the Court has stated that implicit in the law's requirement that competition for government contracts be "free and fair" is a further requirement that bidders are bidding on the same job. See MVM, Inc. v. United States, 46 Fed.Cl. 126, 134 (2000). This Court has also recently ruled that it is patently improper for a procuring agency to issue RFP amendments solely for the purpose of accepting either a late proposal or creating a revised proposal deadline for the benefit of one offeror. See Geo-Seis Helicopters, Inc. v. United States, 77 Fed. Cl. 633 (2007)

Clearly, it is a violation of CICA and the FAR to evaluate offers from competing companies on the basis of information not stated in the solicitation, on the basis of differing criteria, or by permitting one offeror to change its proposal without offering the same opportunity to other competitors.

Through the mechanism of Amendment 5 ILC was given a chance to revise its prices, which it did. Allied had no ability to reduce or modify its prices based on the manner in which Amendment 5 was communicated to Allied or the information in the amendment itself.

**C. Allied will Suffer Immediate Irreparable Injury.**

Absent granting of the requested injunctive relief, Allied will suffer the loss of the opportunity to perform under the RFP or to participate in a balanced and equitable procurement process. Many Courts have found that plaintiffs would be irreparably injured in the face of much more speculative harms. See Aerolease Long Beach & Satsuma Investment, Inc. v. United States, 31 Fed. Cl. 342 (1994); National Maritime Union of America v. Commander, MSC, 824 F.2d 1228 (D.C. Cir. 1987); O'Donnell Construction Co. v. District of Columbia, 963 F.2d 420 (D.C. Cir. 1992); Varicon International, *et al.* v. Office of Personnel Management, 934 F. Supp. 440 (D.D.C. 1996) (plaintiff would be irreparably injured by the loss of its opportunity to participate in a procurement process free from taint). Clearly, the loss of Allied's ability to receive the benefits of its participation in a competitive procurement is an irreparably injury.

**D. The Harm to Allied Far Outweighs the Harm to the DLA or any Other Entity**

As the Court has previously stated balancing the hardships requires consideration of the harms that injunctive relief would impose on the Government with the issuance of the injunctive relief supported if the hardship to the Plaintiff is the greater. See Alion Science and Technology

Corp. v. Untied States, 74 Fed. Cl. 372, 376 (2006); Overstreet Elec. Co. v. United States, 47 Fed. Cl. 478, 480 (2001). Clearly here the balance of harms must tilt towards the Plaintiff. By permitting one offeror to change its proposal without offering the same opportunity to other competitors. Through the mechanism of Amendment 5 ILC was given a chance to revise its prices, which it did. Allied had no ability to reduce or modify its prices based on the manner in which Amendment 5 was communicated to Allied or the information in the amendment itself. The Government is not harmed by it not being permitted to award a contract in violation of the terms of its own RFP. Therefore, the Court should issue the requested injunction.

### E. It is in the Public's Interest to Grant the Injunction.

It is beyond a doubt that the public's interest lies in its ability to have faith in the procurement process and for offeror's to receive an effective remedy when the Government violates those rules. As the Court of Federal Claims stated in Logicon, Inc. v. United States, 22 Cl. Ct. 776 (1991), the concept of a level playing field is at the heart of the federal procurement system.

Permitting the Government to corrupt the competitive process in the fashion it intends and permitting the continuing performance of an illegally awarded contract exposes the Government to needless expense, is contrary to statute, and is simply unfair to the Plaintiff; therefore, the Court should immediately enjoin the Government's course of action.

## III. Conclusion

Plaintiff respectfully requests that the Court issue an order immediately enjoining the Government from taking the actions described above or in the alternative enjoining DLA employing appropriated funds in the performance of the illegally awarded contract.

Respectfully submitted,

Date: 3/11/08

By: ______________________

James S. DelSordo, Esq.
Argus Legal, LLC
9255 Center St., Suite 307
Manassas, VA 20110
(703) 368-8770

Counsel for Plaintiff Allied Materials & Equipment Co., Inc.