**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| **ALLIED MATERIALS & EQUIPMENT CO. INC.,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**THE UNITED STATES OF AMERICA,**<br><br>**Defendant.** | **No. 08-151C**<br>**(Judge Hewitt)** |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO INTERVENE**

Pursuant to Rule 7(b) of the Rules of the United States Court of Federal Claims ("RCFC"), ILC Dover, LP ("ILC") respectfully submits this Memorandum of Points and Authorities in Support of its Motion to Intervene in the above-captioned action. As set forth below, ILC is entitled to intervene as a matter of right under RCFC 24(a). Even if not entitled to intervene as a matter of right, ILC should be permitted to intervene under RCFC 24(b).

**STATEMENT OF FACTS**

In this post-award bid protest action, Plaintiff Allied Materials & Equipment Co., Inc. ("Allied") challenges the award of a contract under a procurement conducted by the Defense Logistics Agency ("DLA" or the "Agency"). On or about January 26, 2007, DLA issued Solicitation No. SPM4A7-07-R-0408 (the "RFP" or the "Solicitation") for procurement of Adapter Subassembly, Pigtail, NSN 1660-01-339-2206. See Complaint ¶ 4. The RFP contemplated the award of an indefinite delivery, indefinite quantity ("IDIQ") contract with an estimated maximum quantity of 1,850 units for the base year and each of the four option years. Id. at 5. ILC and Allied are the only approved sources for this item.

DLA issued the Solicitation with an initial deadline for proposal submission of February 27, 2007. The deadline was later postponed, via Amendment 4 to the RFP, to December 28, 2007. Amendment 5 to the RFP, dated December 21, 2007, further extended the deadline for proposal submission to January 11, 2008. Allied alleges in its Complaint that it did not receive Amendment 5 to the RFP until February 11, 2008, well after Allied had already submitted its proposal in advance of the former proposal deadline of December 28, 2007. Id. at ¶ 6-7. Allied further alleges that the purpose of Amendment 5 was to provide ILC with an opportunity to revise its prices, and that because Allied did not receive Amendment 5 until after it had already submitted its proposal, DLA did not afford Allied the same opportunity to revise its prices that the Agency had afforded ILC. Id. at 11. On February 25, 2008, DLA awarded the contract to ILC.

On March 11, 2008, Allied filed its Complaint, Motion for Preliminary Injunction, and Rule 7.1 Disclosure Statement in this action. In its Complaint, Allied alleges that DLA failed to comply with the Competition in Contracting Act ("CICA"), 41 U.S.C. § 253 and 48 C.F.R. § 15.206, by allowing the awardee, but not Allied, to reduce or modify its initial price proposal. On March 12, 2008, ILC received a letter from DLA informing ILC of Allied's protest.

**ARGUMENT**

ILC is entitled to intervene in this action, first, as a matter of right under RCFC 24(a), which provides as follows:

> Upon timely application anyone shall be permitted to intervene in an action: . . . (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

This motion to intervene, filed within four business days of March 12, 2008, the date on which DLA first notified ILC of the protest, is clearly timely. ILC satisfies the other

requirements of RCFC 24(a) as well. As the offeror selected for award under the RFP, ILC has a direct and substantial economic interest in the procurement. See Armour of America v. United States, 70 Fed. Cl. 240, 243 (2006) (holding that an applicant-intervenor must demonstrate a “legally protectable interest” in the proceedings, “of such a direct and immediate character that the intervenor will either gain or lose by direct legal operation of the judgment”) (citing American Maritime Transport, Inc. v. U.S., 870 F.2d 1559, 1561 (Fed. Cir. 1989)). Further, under RCFC 24 (a), “the disposition of the action may as a practical matter impair or impede” ILC's ability to perform the contract in question.

ILC's interests, moreover, are not adequately protected by DLA, on whose behalf it seeks to intervene. As the procuring agency, DLA owes an equal duty to all offerors. Its interests, therefore, are broader than, and potentially divergent from, ILC's more narrowly focused interest in protecting the fruits of its investment in this procurement. See Karuk Tribe of California v. United States, 28 Fed. Cl. 694, 697-98 (1993) (concluding that United States, as trustee, "must represent the interests of all Indians" and therefore "[t]o the extent that the interests of the Tribe and those of the plaintiffs conflict, the United States' ability to represent all Indians is compromised"). Furthermore, the burden is on the party opposing intervention that representation for the absentee party would be adequate; a “minimal showing that the absentee’s representation of his interest may be inadequate is sufficient to justify intervention.” Armour of America, 70 Fed. Cl. at 245 (citations omitted).

Alternatively, ILC also qualifies for permissive intervention under RCFC 24(b), which provides the Court discretion to allow a party to intervene when, inter alia, the “applicant’s claim or defense and the main action have a question of law or fact in common.” RCFC 24(b)(2). Here, common issues of law and fact abound between Allied's action challenging the conduct of this procurement and ILC's defense of the Agency’s evaluation of proposals and award of the contract to ILC. Permitting ILC to intervene will neither delay nor prejudice the Court's adjudication of the rights of Allied or DLA. As a result, the Court should allow ILC to participate in this action by way of permissive intervention under RCFC 24(b).

This Court has routinely granted intervention by interested third parties in the exercise of its post-award bid protest jurisdiction. See, e.g., Comprehensive Health Sevices v. United States, 70 Fed. Cl. 700 (2006); Info. Scis. Corp. v. United States, 73 Fed. Cl. 70 (2005). While the Court has not always articulated the legal basis for the intervention as between RCFC 24(a) or RCFC24(b), the Court has recognized a prospective awardee's right to be heard in connection with a challenge to a solicitation or contract award. Based upon this precedent, and for the reasons discussed above, ILC should be allowed to intervene in this action.

## CONCLUSION

For the foregoing reasons, the Court should grant ILC's Motion to Intervene.

Respectfully submitted,

s/ James J. McCullough

James J. McCullough
FRIED, FRANK, HARRIS, SHRIVER & JACOBSON LLP
1001 Pennsylvania Avenue, N.W., Suite 800
Washington, D.C. 20004-2505
TELEPHONE: 202-639-7000
FACSIMILE: 202-639-7008
mcculja@ffhsj.com

Counsel to ILC Dover, LP

March 18, 2000

*210950*